*563 OJPINION.
Marquette:
This appeal resolves itself into the question of whether capital was a material income-producing factor. We have had occasion in various appeals to set forth the elements of a personal service corporation and to state that each of these elements must be present to bring any corporation within the statute, and we do not feel that anything would be gained by repetition. Appeal of Bryant & Stratton Commercial School, Inc., 1 B. T. A. 32; Appeal of Scheffler Hair Colorine Co., 1 B. T. A. 61. In the last analysis, each case must depend upon its own peculiar facts, and it is not so much a question of what the elements are which constitute a personal service corporation within the meaning of the statute, but whether' the facts in a particular case bring it within the language of the act.
The facts herein show that the taxpayer had capital of from $100,000 to $150,000 which it used in advancing to mills the amount of bills of lading for goods consigned to customers to whom it had made sales; that it assumed credit risks or divided losses with the mills and consistently advanced money to finance the mill, using-borrowed money or its own capital, and that the commissions to be paid were fixed upon the basis of such service. It further appears that the taxpayer bought and sold goods on its own account as a principal. It had substantial inventories, both in 1918 and 1919, and together with the use of capital in obtaining its commissions we feel that capital was a material income-producing factor and that the taxpayer is not entitled to classification as a personal service corporation.
The taxpayer further claims that it is entitled to special relief under the provisions of section 328 of the Revenue Act of 1918. No evidence was presented from which the Board can find any facts which would warrant such relief, and the determination of the Commissioner with respect thereto must consequently be approved.
ARuxdell not participating.